(No. 36168.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GENE THOMAS, Plaintiff in Error.

*Opinion filed September 28, 1962.*

R. EUGENE PINCHAM and CHARLES B. EVINS, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant Gene Thomas was indicted in the criminal court of Cook County jointly with Gerald Fortner and Jack Thomas on two charges of burglary and one charge of receiving stolen property. Fortner and Jack Thomas entered pleas of guilty to various counts of the indictment. Gene Thomas pleaded not guilty, and following a trial by the court without a jury was found guilty and sentenced to a term of six to twelve years in the penitentiary.

Defendant brings writ of error, contending that the trial court erred in overruling his motion to suppress evidence, that his arrest and the search of his person were in violation of his constitutional rights, and that he had been denied a trial by jury.

From the record it appears that three men left their apartment at 517 E. 62nd Street in Chicago about 6:00 A.M. on November 10, 1959, and about 4:00 P.M. one of them returned to the apartment and found that a hole had been cut in the door panel. No one was in the apartment. A radio, electric razor, shoes, a clock radio, jewelry box, television set, brief case, pistol, camera and a watch had been stolen.

About 4:00 P.M. on November 11, 1959, or perhaps earlier, the defendant was walking with one Jim Scott on 62nd Street. Police officer Elmer Perkins said: "Scott, come here." Scott turned around and went back to the officer. The defendant continued walking. Officer Perkins called to the defendant: "You, Red, come here." The de-

fendant turned around and went to the officer. The officer said to Scott: "I told you if I caught you on this side of Cottage again I was going to arrest you," and proceeded to search him. Officer Perkins then took Scott and the defendant to a police car, and told the defendant to lean against the car. He searched the defendant and took from his person a gold bracelet and a transistor radio, identified by the complainants as their property. No charge had been made against either of the men at the time they were stopped and searched. It is not clear whether or not the burglary of the apartment had been reported at the time of the search.

At the time the defendant was arrested together with Scott the reason for arrest seems to be that they were allegedly known to the police as narcotics users. The police did not have a warrant for the arrest of the men and did not charge the men with being implicated in the burglary.

During the argument upon the motion to suppress, following the taking of testimony on the subject, the trial court stated: "Under the cases, as I recall, if the officer has any knowledge, whether it is imparted to him by anybody, and even if he dreams of the fact that these fellows had done something and has a description of them, knows who they are, he has a right to arrest them and search them." The trial court went further and said that "The State of Illinois rule is that if he (the officer) has knowledge gained by sleeping the night before—I don't believe in the rule myself but the Supreme Court has pronounced that rule," then the arrest and search are proper. Needless to say this is not the rule in Illinois, nor has this court ever made such a pronouncement.

It cannot be contended that the search in this case was justified because it accompanied a lawful arrest. There is no suggestion that the defendant here was arrested on any charge whatsoever; no criminal offense had been committed or attempted in the presence of the officer, nor had the officer reasonable cause to believe that the de-

fendant had in fact committed a crime. The only reason officer Perkins stopped Scott and the defendant was that he found them on a certain street.

We feel that there was no valid arrest in the present case and consequently the evidence obtained by the officer should not have been permitted to be introduced in evidence, and the motion to suppress the evidence should have been allowed. The court erred in denying the motion to suppress evidence, and for this reason alone the decision should be reversed, and the cause remanded for a new trial.

Defendant also contends that he was tried by the court without having waived his right to trial by jury. We have examined the record and find it conflicting on this issue. However, the cause must be remanded for a new trial, and we doubt if similar uncertainty will arise as to the waiver of a trial by jury. We, therefore, are of the opinion that we need not determine if a waiver had been made. The judgment is accordingly reversed and the cause remanded for a new trial.

*Reversed and remanded.*