(No. 38175.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED BEATTIE, Plaintiff in Error.

*Opinion filed September 29, 1964.*

GUS P. GIANNIS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and PAUL A. O'MALLEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant, Fred Beattie, was indicted for unlawful possession of narcotic drugs, tried before the criminal court of Cook County without a jury, convicted and sentenced to the Illinois State Penitentiary for a term of not less than two nor more than five years. He prosecutes this writ of error to review his conviction.

On June 29, 1962, two police officers named Lemont Knazze and Wayman Crigler, acting on information received from an "informer", went to 5134 Kenwood, Chicago, where moments later they observed the defendant entering into a taxicab. The officers then left their squad car and approached the taxi where officer Knazze grabbed the defendant's right arm. The defendant threw a tinfoil packet out of the taxicab which was recovered by the officers and later identified as heroin.

Prior to trial the defendant made a motion to suppress evidence. At the hearing the officers testified that the defendant had been acquainted with them for some time and that they had a conversation with the defendant the evening before his arrest at which time the defendant admitted to them that he was a user of narcotics. During examination of the officers they were asked to divulge the identity of the informer. Objection was made on the ground of the "informer's privilege", which objection was sustained by the court. The defense counsel then objected to the admission of any testimony concerning the information given by the informer unless his name was revealed on the theory that

the defendant had the right to confront all witnesses against him. The court overruled the objection subject to a motion to strike and permitted the officers to testify. However, upon conclusion of their testimony defense counsel's motion to strike all testimony given with regard to the undisclosed informer was allowed.

The court considered the question of whether the communication by the undisclosed informer was sufficient to establish probable cause to justify defendant's arrest. The court rejected the People's contention that the police officers were justified in their arrest of the defendant on the basis of such information. Nevertheless, the court denied the defendant's motion to suppress on the grounds that there was probable cause to arrest the defendant based upon the evidence that (1) the arresting officers were previously acquainted with the defendant for some time prior to his arrest and he with them, and (2) knowledge that the defendant was a self-admitted narcotics user.

The defendant contends that the trial court erred in denying his motion to suppress and seeks reversal of his conviction on the ground that the evidence was the product of an unlawful search in that there was no probable cause to justify his arrest.

The trial court made a part of the record an extensive written memorandum of law in support of its view that any testimony concerning information supplied by an undisclosed informer should not be allowed. The trial court concluded that the prosecution had a choice between disclosure of the informant's identity or the striking of any testimony relating to the communication from the informer.

In view of this court's subsequent ruling in the case of *People* v. *Durr,* 28 Ill.2d 308, it is now clear that the trial court was in error in ruling that either the informant's identity be disclosed or the testimony relating to the information given by the informer be stricken. Here as in the

*Durr* case, and *People* v. *Mack,* 12 Ill.2d 151, the informer neither participated in the crime, helped set up its commission nor was present at the time of the arrest. Under these circumstances the trial court was not compelled to choose between disclosure of the informant's identity or the striking of the testimony relating to the informer.

Reasonable grounds for believing that a person has committed a criminal offense may be found in information furnished by an informer if the reliability of the informer has been previously established or independently corroborated. (*People* v. *Durr,* 28 Ill.2d 308; *People* v. *La Bostrie,* 14 Ill.2d 617; *People* v. *Tillman,* 1 Ill.2d 525.) In this case the testimony leading toward establishing the reliability of the informer was erroneously stricken by the trial court.

We do not believe that the fact that the officers and the defendant knew each other and that the officers knew defendant used narcotics was sufficient by itself to create probable cause for an arrest without a warrant. The officer himself testified that he went to "investigate" the information he received and when asked if he intended to arrest the defendant, answered only if there was a violation or probable cause. It is quite clear that an arrest cannot be justified by what is found during a subsequent search. A search without a warrant must be an incident to a lawful arrest and reasonable grounds must exist before the arrest is made. *People* v. *Thomas,* 25 Ill.2d 559; *People* v. *Parren,* 24 Ill.2d 572; *People* v. *Galloway,* 7 Ill.2d 527.

It is the opinion of this court that in the absence of the testimony with regard to the information supplied by the informer, there was not such probable cause as would justify an arrest without a warrant. This testimony, stricken by the trial court, was not only competent and relevant toward establishing probable cause, but was indispensable to justify defendant's arrest. This the State concedes in its brief. The trial court must determine upon proper evidence

whether the People can establish the reliability of an otherwise anonymous informer sufficiently so that, considering other corroborating evidence, there existed probable cause to justify an arrest of the defendant without a warrant and the subsequent search as an incident to that arrest. *People v. Durr,* 28 Ill.2d 308.

The cause must be remanded for a hearing on the motion to suppress. It does not, however, follow that the defendant must necessarily be granted a new trial. Defendant has already been convicted, and justice does not require that he be given a new trial, if in a properly conducted preliminary hearing the trial court determines that the evidence sought to be suppressed was obtained as a result of a legal search and seizure. *Jackson* v. *Denno,* 378 U.S. 368, 12 L. ed. 2d 908, 926-927.

In accordance with the procedure adopted by this court in *People* v. *Wright,* 30 Ill.2d 519, and recently approved by the United States Supreme Court in *Jackson* v. *Denno,* 378 U.S. 368, 12 L. ed. 2d 908, and by this court at this term in *People* v. *Jackson,* No. 35412, we will remand the cause to the trial court with directions to conduct a new preliminary hearing on the motion to suppress. If, after hearing all relevant evidence, the trial court suppresses the evidence a new trial must be granted. If however the motion to suppress is denied, the trial court shall enter a new final judgment of conviction.

The cause is remanded to the criminal court of Cook County for further proceedings in accordance with the views expressed herein.

*Cause remanded, with directions.*