**People of the State of Illinois, Plaintiff-Appellee,
v. William O. Wolfe, Defendant-Appellant.**

**Gen. No. 49,897.**

First District, Second Division.

July 22, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall Hartman, Marshall A. Patner, Frederick F. Cohn, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a conviction for the unlawful sale of narcotics, after a jury trial, with sentence in the Illinois State Penitentiary for a term of ten (10) years to life.

The indictment reads as follows:

> The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on the 16th day of September 1963 at and within said County, William O. Wolfe, committed the offense of sale of a narcotic drug in that he knowingly sold to Leon Robinson otherwise known as Bill Jones for lawful money of the United States of America, otherwise than as authorized in the Uniform Narcotic Drug Act of said State of Illinois then in force and effect, a quantity, (the exact quantity of which is unknown to said Grand Jurors,) of a certain narcotic drug, to wit, opium, that is to say, heroin.

Prior to the trial, defense counsel filed a motion to suppress evidence. The only witness to appear at the hearing was Detective Arnold, one of the arresting officers. Defense counsel made several efforts during the hearing to obtain an informer's identity but the court refused to order the name of the informer disclosed and further refused to order the informer to testify at the hearing to suppress. The motion to suppress was denied.

During the trial, Detective Arnold made statements, which were inconsistent with his testimony at the hearing on the motion to suppress. At the hearing, he testified that he saw the money change hands but at the trial he stated he could not see what, if anything, was ex-

changed. He also stated at the hearing that the informer did not beckon to defendant to come out of a restaurant, but stated at the trial that the informer tapped on the window of the restaurant as a signal for defendant to come out. He further stated at the hearing that defendant came out of the alley, but at the trial testified that defendant came out of the restaurant, not out of the alley. He also stated at the hearing, that he signalled Officer Jackson to make the arrest by tipping his hat while seated in a car, but testified at the trial that he signalled Officer Jackson by waving his hand outside the car window. He also stated at the hearing that he drove south after he saw defendant stoop down and pick up something, but at the trial testified that he drove past defendant and parked the car, before he saw defendant bend over and pick up something. Finally, he stated at the hearing that Officer Jones was standing on 47th Street midway between South Park and Forrestville just before the arrest, but at the trial testified that Officer Jones was standing on the northwest corner of 47th Street and South Park.

At the trial, three officers claimed they witnessed the transaction between the informer and defendant. One of the officers stated that he saw the passing of the money and another object. Another officer said he saw the hands of the informer and defendant meet. The third officer did not see any exchange.

The informer was produced at the trial. On direct examination, the informer testified that he received a package of narcotics from defendant for eight dollars; that he then signalled the officers; and that they made the arrest and found the previously identified money in defendant's possession. On cross-examination, he testified that defendant had sold heroin at a time prior to the incident charged in the indictment. This answer was allowed to stand over defense objection.

277

Defendant took the stand and stated that he did not sell any narcotics to the informer. He admitted ownership, but testified that he gave the package to the informer for safekeeping.

The People, in rebuttal, introduced the record of defendant's prior plea of guilty to burglary and larceny to impeach defendant's testimony.

The jury returned a verdict of guilty. The hearing in mitigation and aggravation consisted of a recital of defendant's criminal record and an argument by defense counsel for mercy from the court. The court sentenced defendant to a term of ten years to life. This is an appeal from that conviction and sentence.

Defendant's theory of the case is (1) that the indictment contained fatal defects in that (a) the indictment did not name the place of the offense other than that it occurred in Cook County, (b) the indictment did not state the statute alleged to have been violated and (c) said defects were not waived by defendant; (2) that defendant did not receive a fair hearing on the motion to suppress evidence in that (a) defense counsel was not permitted to examine the informer at the hearing on the motion to suppress and (b) the only witness to testify proved himself not to be a credible witness and (3) that defendant was prejudiced at the trial (a) by testimony that defendant had sold narcotics prior to the offense for which he was being tried and (b) by use of a guilty plea to impeach defendant's testimony.

We find no merit in part (a) of defendant's first contention. The case at bar falls directly within the purview of the Supreme Court's opinions in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97 (1965) and People v. Petropoulos, 34 Ill2d 179, 214 NE2d 765 (1966).

In support of part (b) of his first contention, defendant points out that the Code of Criminal Procedure chapter 38, section 116–2, Ill Rev Stats (1963) chapter 38, paragraph 116–2, states that the indictment shall cite

the statutory provision alleged to have been violated. Defendant points out that the indictment in the instant case did not cite the statutory provision but only charged defendant with violation of the Uniform Drug Act and that this was inadequate in that the Uniform Drug Act consists of numerous sections (49 in all). We find no merit in defendant's contention. There is only one section in the Uniform Drug Act pertaining to narcotics violations and this can be found in chapter 38, section 22–3 of the Criminal Code. The indictment adequately informed defendant that he was being charged with the sale of a narcotic drug.

Thus, it is unnecessary to discuss whether or not the alleged defects in the indictment were preserved for review.

█ Defendant's second contention is that he did not receive a fair hearing on the motion to suppress evidence. Defendant points out that a search and seizure of contraband, after an arrest without a warrant, is valid only if the officer has reasonable grounds to believe the suspect had committed an offense prior to arrest. Defendant contends that probable cause for the arrest did not exist, (a) in that the informer who was a participant in the crime was not disclosed or permitted to testify at the hearing and (b) in that the only witness allowed to testify, proved himself not to be a credible witness because of subsequent inconsistencies in his testimony at the trial.

██ In People v. Rovario, 373 US 53 (1957) the court ruled that the name of an informer, who participates in a crime, must be disclosed. Subsequently, in People v. Mack, 12 Ill2d 151, 145 NE2d 609 (1957), the court held that the name of the informer did not necessarily have to be disclosed at the trial if said informer was not a participant in the crime. This rule was extended to pretrial hearings in People v. Durr, 28 Ill 2d 308, 192 NE2d 379 (1963). In People v. Beattie, 31 Ill

279

2d 257, 201 NE2d 396 (1964), however, the court held that it was error for the court to strike testimony relating to information given by an undisclosed informer at a pretrial hearing on a motion to suppress evidence, where the informer did not participate in the offense, was not present at the time of the arrest or did not possess information relevant to the defense. We are compelled to hold that an informer who participates in a crime, as is the situation in the case at bar, must be disclosed at a pretrial hearing on a motion to suppress, if other evidence does not establish probable cause, and failure to allow such a disclosure is error.

The only witness to testify at the hearing on the motion to suppress was Detective Arnold. The testimony of Detective Arnold at the hearing contained many inconsistencies when compared with his testimony at the trial. Thus, the failure to produce the informer at the pretrial hearing, together with the inconsistencies of the People's only witness, severely damaged defendant's case as to the probable cause in the hearing on the motion to suppress.

The People rely on People v. Smith, 70 Ill App 2d 289, 217 NE2d 546 (1966) in support of their position that if an informer later testifies at the trial, this will cure any error that took place by the failure of said informer to testify at the pretrial hearing, in that the informer is subject to cross-examination by defendant. We disagree that the Smith case, supra, supports this contention. In the Smith case, supra, the informer testified under an alias at the trial and the court ruled that there was no need to divulge the name of the informer, if in fact, the defendant had an opportunity to cross-examine the informer. In the case at bar, the defendant had no opportunity to cross-examine the informer at the hearing on the motion to suppress. The motion to suppress was denied and the evidence sought to be suppressed was utilized at the trial. The only

opportunity defendant had to suppress this evidence was at the hearing on the motion to suppress. Therefore, the lack of an opportunity for defendant to cross-examine the informer was prejudicial to defendant.

■ Finally, we find that defendant's third contention is without merit. The use of prior convictions, even though based on a plea of guilty, is proper in order to impeach a defendant's testimony.

■ Defendant's allegation that prejudicial error was committed, in that other crimes than the one stated in the indictment were introduced, is invalid. A review of the cross-examination of the informer immediately preceding the testimony that defendant had committed other crimes reveals that the informer testified that "I did not look into the package. I did not know what was in the package." Defense counsel then asked, "It could have been baking powder; it could have been anything that would fit into that package, could it not?" The informer then made the following alleged prejudicial answer: "He sold a lot of bags previous that morning; so I know it couldn't be baking powder." The defense counsel by phrasing the question in the manner above, invited the response made by the witness. We find no error on the part of the trial court in refusing to strike the answer given by the witness.

■ In accordance with the procedure adopted by the court in People v. Beattie, supra, we will remand the cause to the trial court with directions to conduct a new preliminary hearing on the motion to suppress. If, after hearing all relevant evidence, the trial court suppresses the evidence a new trial must be granted. If, however, the motion to suppress is denied, the trial court shall enter a new final judgment of conviction.

We are aware of the result reached in the decision of People v. Catavdella, 31 Ill2d 382, 202 NE2d 1 (1964), where because of errors that took place during a hearing on a motion to suppress, the case was reversed without

remand. The reason for the outright reversal, was due to the fact that the only evidence of defendant's guilt, was the evidence which was discovered in the back seat of the car at the time of the arrest and which was later suppressed. The facts are different in the case at bar. There is other evidence available, which the State may use.

The judgment is reversed and cause remanded with directions to proceed in a manner not inconsistent with these views.

Judgment reversed and cause remanded with directions.

BRYANT, P. J. and BURKE, J., concur.