**People of the State of Illinois, Plaintiff-Appellee, v. Griffin Carter, Defendant-Appellant.**

**Gen. No. 50,905.**

First District, Third Division.

March 13, 1969.

Rehearing denied and supplemental opinion May 15, 1969.

15

Gerald W. Getty, Public Defender of Cook County, of Chicago (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Donald S. Carnow, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

The defendant appeals from a conviction for the unlawful possession of a narcotic drug. He was charged in separate indictments with the illegal sale of a narcotic drug and with the illegal possession of a narcotic drug. The two indictments were consolidated before trial over the defendant's objection, and the jury found the defendant guilty of illegal possession but could not agree upon the illegal sale, whereupon the trial court declared a mistrial relative to the illegal sale charge. The indictment charging illegal sale was subsequently nolle prossed by the State. The defendant was sentenced to the Illinois State Penitentiary for a term of not less than nine nor more than ten years.

The defendant contends: 1) that evidence obtained through the use of a police informer was improperly ad-

mitted; 2) that the informer's identity should have been disclosed at the hearings on motions to suppress evidence; 3) that the consolidation of the two indictments on the day of trial deprived him of adequate time to properly prepare his defense; 4) that the State's demonstration before the jury was improper and prejudicial; and 5) that the joinder of the two offenses of illegal sale and of illegal possession was improper and prejudicial.

Two separate motions to suppress were made under each indictment. On December 7, 1964, a motion to suppress was heard on indictment No. 64–2540 wherein the defendant was charged with unlawful possession of a narcotic drug. Officer Ronald Kelly testified to the circumstances surrounding the arrest and admitted that a "special police employee" had been used to make a controlled purchase of narcotics. Defense counsel attempted to elicit the true name of the informer, but the State's objection to such a disclosure was sustained. On March 8, 1965, another hearing on a motion to suppress was heard relative to the indictment No. 64–2539 wherein the defendant was charged with the unlawful sale of narcotics to one "Joseph Leak." At this hearing the only witness was Officer James Maher, one of the three arresting officers, who also testified to the circumstances leading to the arrest of Griffin Carter. Again the court would not permit the informer's identity to be disclosed. Both motions to suppress were denied, and, upon consolidation, the case went to trial on March 8, 1965.

At trial, the three arresting police officers testified to basically the same narrative. On July 2, 1964, Joseph Leak came to the police station and informed them that he could make a controlled purchase of narcotics from a man known as Griff who resided at 1730 West Hastings in Chicago. The informer was searched, given $20 in recorded and dusted currency, and was then taken to the area of Ashland Avenue and Hastings Street where the

18

police observed Leak meet the defendant and further observed the informant hand something to the defendant. The defendant then walked east on Hastings to a tavern. After about five minutes he left the tavern, walked back to where Leak was waiting and handed something to Leak. Joseph Leak then walked a distance of about one-half of a block to the place where the police were making their surveillance and handed three packets of white powder to the police. The packets were field tested and were found to contain heroin. The police drove to 1730 West Hastings, and, as they arrived, the defendant came out of the building. He was arrested and the officers discovered a tinfoil package in his hand which was tested and found to contain heroin. The defendant's hands were checked with the fluorescent light and were found to be stained from the dustings of the marked currency. A dollar bill was also found on the person of Griffin Carter which was one of the recorded and dusted bills given Leak by the police. The defendant told the police that he had purchased narcotics from one Willie Mae Foster, but a search for this woman proved unsuccessful.

It was disclosed at trial that the true identity of the informer was one named Joseph Leak. Leak did not testify at trial.

The State presented the jury with a demonstration of how fluorescent powdered money leaves the powder on the hands of the transferee and of how the powder is detected by means of an iridescent light.

Ella Mae Pope, the defendant's sister, testified on behalf of the defense that she was on the front porch at 1730 West Hastings when the police arrested her brother and that she did not see the police take any object from her brother. According to her, the defendant could not have made the alleged sale to Leak on the street at the time the police testified that such sale was made.

19

The defendant testified on his own behalf and denied any sale or possession of narcotics on the date in question. He denied being a narcotics addict at the time of his arrest although he admitted to addiction in the past. He stated that he knew Joseph Leak "pretty well" since they had attended school together. The accused also stated that when he was brought to the station he was told that Joe Leak was the man who had informed on him.

The defendant initially argues that the prosecution's evidence obtained through the use of this informer should have been ruled inadmissible at the pretrial hearings and at trial. The defendant bases this argument on the language of Ill Rev Stats 1963, c 38, § 608(a) which reads:

> "No State, county or municipal officer, whose duty it is to investigate the commission of any crime or to prosecute persons accused of crime, shall employ any detective or investigator on a compensation basis other than that of time, and in no event shall compensation to such persons be contingent on the success of the investigation or prosecution. Evidence obtained in violation of this act shall be inadmissible in any court in this State for any purpose and any person employed in violation of this act shall be incompetent to testify in any such court as to any information or evidence acquired by him in such employment."

The defendant reasons that the informer was compensated as a "special police employee" and therefore the admission of any and all evidence obtained by the use of this informer was violative of section 608(a). It should be emphasized that there is no testimony in the record that Joseph Leak was in fact paid for his services, even though there was testimony that the usual practice was to compensate such informers in narcotics cases. In any event, a similar argument was advanced in People v.

Jones, 75 Ill App2d 332, 221 NE2d 29, and the argument was rejected as the court stated at page 340: "We see no merit in this contention, for an informer cannot be classed as a 'detective or investigator' within the contemplation of this statute."

■ In addition to relying upon the Illinois statute, the defendant asserts that the use of the informer on a contingent fee basis is fundamentally unfair and violative of the due process clause of the Fourteenth Amendment since it thereby encourages an informer to produce a "frame-up" merely to earn his fee. Again it must be mentioned that there is no evidence that an actual fee, contingent or otherwise, was paid to Leak. Furthermore, the cases relied upon by the defendant in support of this constitutional argument are distinguishable from the instant case. We find no merit to this position.

■ The defendant further argues that it was error for the court to refuse to disclose the identity of the informer at the pretrial hearings because the informer participated in the crime, and was present when the crime occurred and when the arrest was made. He relies on People v. Wolfe, 73 Ill App2d 274, 219 NE2d 634, wherein the court, after discussing Roviaro v. United States, 353 US 53; People v. Mack, 12 Ill2d 151, 145 NE2d 609; People v. Durr, 28 Ill2d 308, 192 NE2d 379; and People v. Beattie, 31 Ill2d 257, 201 NE2d 396, concluded at page 280:

> "We are compelled to hold that an informer who participates in a crime, as is the situation in the case at bar, must be disclosed at a pretrial hearing on the motion to suppress, *if other evidence does not establish probable cause,* and failure to allow such disclosure is error." (Emphasis supplied.)

In People v. Shaw, 89 Ill App2d 285, 233 NE2d 73, the identity of an informer who allegedly had made a controlled purchase of narcotics was not disclosed at

21

pretrial hearing on a motion to suppress. At the hearing, a police officer testified to having seen the transaction take place before having made his arrest. It was also brought out that the defendant knew the informer's entity. Each of these elements was present in the case at bar. The court in Shaw stated that the testimony of the police officer who made the arrest after witnessing the controlled purchase and after making a field test, was sufficient to furnish an adequate basis for a reasonable belief that an offense had been committed. We are of the opinion that Officer Kelly's and Officer Maher's similar testimony in this case also independently established probable cause thereby making it unnecessary to disclose the identity of the informer. At page 292 the court distinguished People v. Wolfe, supra:

"Contrapositively, however, such error does not exist where, as here, defendant knew the informer's entity and probable cause was established independently. Further, the informer's reliability need not be demonstrated if the informer's information is independently verified by the arresting officers. (Citing cases.)"

It is our opinion that the Shaw decision controls the case before us, and we therefore find no error in the court's refusal to disclose the informer's identity at the hearings on motions to suppress.

 The defendant takes the position that he was denied a fair trial and adequate representation by his appointed counsel since the court, over his objection, consolidated the two indictments for trial approximately two and one-half hours before the trial commenced and after the State had earlier elected to proceed only on the indictment charging illegal sale of narcotics. As a result, the defendant argues, his counsel was prevented from adequately preparing his defense as to the possession charge. Under the circumstances of this case, we

conclude that the defendant was not prejudiced by the late consolidation. The evidence presented by the prosecution at trial was substantially the same as the testimony offered by the police at the pretrial hearings for each indictment, and defense counsel was present at those proceedings. The setting of both offenses was the same; the date and the time of the day for both offenses was the same; and the relevant witnesses for the State were the same. Furthermore, upon a review of the record, we cannot detect any instance of surprise or difficulty incurred by defense counsel at trial due to this consolidation.

■ ■ Another argument advanced by the defendant is that the demonstration before the jury involving the use of the "black-light" test should not have been permitted since it did not appear that the courtroom conditions were substantially similar to the conditions at the time of the defendant's arrest. This court has difficulty understanding this contention in view of the fact that the test was only material to the issue of the alleged sale for which the defendant was not convicted. However, the defendant seemingly argues that the test could have had an incalculable prejudicial effect on the minds of the jurors which prompted them to enter a guilty verdict on the possession indictment. It is well-established that the trial judge has a wide degree of discretion in ruling upon the permissibility of courtroom demonstrations. (People v. Velez, 72 Ill App2d 324, 219 NE2d 675.) We do not think that the purported dissimilarities in conditions were sufficient to find that the trial judge here abused his discretion.

The final contention advanced by the defendant is that the joinder of the illegal sale indictment with the illegal possession indictment was improper because the jury's verdict indicates that they either believed that the defendant possessed narcotics when he made the alleged sale to the informer, or that they believed that the de-

fendant possessed narcotics when he was arrested. The defendant submits that the jury could not have consistently found the defendant not guilty of the sale charge while still believing that he possessed narcotics at the time of the alleged sale. Thus, the defendant reasons, the jury must have predicated its guilty verdict of illegal possession upon the narcotics found at the time of the arrest. Since some time had elapsed between the alleged sale and the arrest and since the defendant went into his house during this interim period, the defendant asserts that what transpired at the time of the arrest was a separate and distinct transaction from what allegedly took place between the defendant and the informer.

██ Both parties rely on the Committee Comments under section 3-3 of the Criminal Code (Ill Rev Stats 1965, c 38, par 3-3) relative to the question whether these two offenses should have been joined in one prosecution. Such reliance is misplaced because section 3-3 (b) deals with compulsory joinder under certain circumstances in which the several offenses "are based on the same act." The issue before us is whether the court abused its discretion in permitting the consolidation of the two indictments. Section 114-7 of the Criminal Code (Ill Rev Stats 1965, c 38, par 114-7) provides:

"The court may order 2 or more charges to be tried together if the offenses and the defendants could have been joined in a single charge. The procedure shall be the same as if the prosecution were under a single charge."

Section 111-4(a) of the Criminal Code (Ill Rev Stats 1965, c 38, par 111-4(a)) reads in pertinent part:

"Two or more offenses may be charged in the same indictment, . . . if the offenses charged, whether felonies or misdemeanors or both, are based on the same act *or on 2 or more acts which are part of*

24

*the same comprehensive transaction."* (Emphasis supplied.)

Even if we assume that the jury predicated its finding of illegal possession upon the narcotics seized at the arrest, we find that it is unnecessary to decide whether the two offenses comprised part of the "same comprehensive transaction" within the intendment of section 111–4(a) because the joinder, even if improper, was not prejudicial to this defendant. The conviction being appealed from is a conviction for the unlawful possession of a narcotic drug. If the defendant had been tried solely under the possession indictment, the evidence relative to the alleged sale would have been admissible and brought to the jury's attention. (People v. Wilson, 105 Ill App2d 216, 245 NE2d 57. See also: Smith v. United States, 357 F2d 486.) Relevant evidence of another crime, which aids identification or which tends to prove design, motive or knowledge is admissible and such evidence is excepted from the exclusionary rule which forbids the introduction of evidence of a crime which is independent of and disconnected from the one with which the defendant was charged. People v. Tranowski, 20 Ill2d 11, 169 NE2d 347.

For the foregoing reasons, the defendant's conviction for the unlawful possession of a narcotic drug is affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.

Supplemental Opinion on Petition for Rehearing.

The defendant has filed a petition for rehearing in the instant case wherein he attacks our holding that, under the facts at bar, the disclosure of the informer's identity was properly refused at the pretrial hearings on motions to suppress evidence. In so holding, we stressed the fact

that at each hearing there was sufficient evidence independent of any testimony by the informer to establish probable cause for the arrest and search incident thereto. We cited People v. Shaw, 89 Ill App2d 285, 233 NE2d 73, as factually similar on this issue and went on to say:

> "It is our opinion that the Shaw decision controls the case before us, and we therefore find no error in the court's refusal to disclose the informer's identity at the hearings on motions to suppress."

Subsequent to the filing of the foregoing opinion, the United States Supreme Court in Shaw v. Illinois, 37 USLW 3335 (March 10, 1969) vacated the judgment in People v. Shaw, supra, and remanded the case to the Appellate Court, First District "for further consideration in light of Smith v. Illinois, 390 US 129."

The defendant urges that the vacation and remandment of the Shaw case requires us to reconsider our decision in the instant case. In taking such a position, the defendant ignores some salient distinctions between the Appellate Court's Shaw decision and our decision in this case when both cases are viewed in their entireties. The Shaw court was confronted with several issues one of which was the identical question presented in this case, namely, whether the informant's identity need be disclosed at a pretrial hearing on motion to suppress. However another issue in Shaw, which is not present in the case at bar, was whether the defendant was entitled at trial to elicit from a prosecution witness on cross-examination the present address of the informant. Under the particular facts in Shaw, the Appellate Court held that the trial court did not abuse its discretion at trial in refusing the disclosure of the informant's present address.

A reading of Smith v. Illinois, supra, unmistakably reveals that the United States Supreme Court, in vacating and remanding Shaw, was directing its attention

solely to the issue of trial disclosures since the issue presented to the court was whether the defense, at trial and on cross-examination of the informer in a narcotics case, was entitled to elicit the true name and present address of that informer. Again it must be emphasized that such a question was not before us in the case at bar, and therefore the defendant's reliance in this case upon the Supreme Court's order relative to Shaw is misplaced. The disclosure of an informer's identity at a preliminary hearing to determine the existence of probable cause for arrest or search is governed by different considerations than those that determine the necessity of disclosure when the informer is a material witness on the issue of the guilt or innocence of the defendant at trial. (People v. Williams, 38 Ill2d 150, 230 NE2d 214.) In McCray v. Illinois, 386 US 300 (affg 33 Ill2d 66, 210 NE2d 161) the Supreme Court said at page 312–313:

> "In sum, the Court in the exercise of its power to formulate evidentiary rules for federal criminal cases has consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial, let alone in a preliminary hearing to determine probable cause for an arrest or search. Yet we are now asked to hold that the Constitution somehow compels Illinois to abolish the informer's privilege from its law of evidence, and to require disclosure of the informer's identity in every such preliminary hearing where it appears that the officers made the arrest or search in reliance upon facts supplied by an informer they had reason to trust. The argument is based upon the Due Process Clause of the Fourteenth Amendment, and upon the Sixth Amendment right of confrontation, applicable to the States through the Fourteenth Amendment. Pointer v. Texas, 380 US 400. We find no support for the petitioner's position in either of those constitutional provisions."

Likewise, in the instant case, the defendant is urging us to require disclosure of an informant's identity at a pretrial hearing on motion to suppress to determine probable cause where the officers' testimony standing alone, if given credence by the trial judge, establishes probable cause for the arrest and search. It must be noted that the police made the arrest and incident search after they personally observed the controlled purchase and after they had conducted a field test which indicated that the content of the packets sold to the informant was heroin. Such a disclosure requirement within the context of such facts would extend well beyond any constitutional mandate and would violate the principles announced in People v. Wolfe, 73 Ill App2d 274, 219 NE2d 634, and in the cases cited therein.

We therefore find no reason to reconsider our original opinion in light of the subsequent developments heretofore mentioned. The defendant's petition for rehearing is denied.

Petition for Rehearing Denied.