80

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SHERMAN CARTER, Defendant-Appellant.

(No. 71-324;

Fifth District—December 21, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (James W. Jerz and Edward N. Morris, both of Model District State's Attorney's Office, of counsel,) for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The appellant entered a plea of guilty to voluntary manslaughter in 1964. He was originally indicted on the charge of murder arising from an incident at a tavern where he was employed as a bouncer. The trial court denied appellant's application for probation and sentenced him to not less than 15 years, nor more than 20 years in the State Penitentiary.

In 1967, the appellant filed a *pro se* petition for post-conviction relief. The trial court dismissed the appellant's petition for a post-conviction hearing in April of 1969, the reason for the delay not apparent from the record. The Illinois Supreme Court granted leave to appeal and reversed the lower court and remanded with instructions to appoint counsel and permit the filing of an amended petition.

██ The amended petition although containing many conclusionary allegations did not contain any supporting affidavits, required under the Post-Conviction proceeding in order to entitle a petitioner to a hearing. (*People v. Arbuckle* (1969), 42 Ill.2d 177, 246 N.E.2d 240; *People v. Ashley* (1970), 34 Ill.2d 402, 216 N.E.2d 126.) There is nothing in the record which, absent such affidavits, would support in any way the allegations pleaded by defendant. On the contrary, the record contradicts these allegations, thus eliminating the need for a hearing.

The allegations set forth in subparagraphs (c), (d) and (e) of paragraph 2, of the appellant's amended petition have no support whatever in the transcript of the proceedings before the trial court. They allege that the defendant "at no time pleaded guilty to the charge of voluntary

manslaughter", that he "did not understand the nature of the crime of voluntary manslaughter and did not intend to plead guilty", and that he had "understood that he was charged with the crime of involuntary manslaughter". The charge of "voluntary manslaughter" was repeated several times by the trial judge and the court gave the defendant a complete admonishment.

■■ In view of this admonition and in view of the fact that our review of the record does not indicate a possibility of defendant's misunderstanding the plea, affidavits supporting such an allegation were necessary to require a hearing on that charge since, as the attorney for the People correctly suggests, the only evidence would be the defendant's own testimony.

■■ Allegations (a) and (b) deal with the adequacy of the indictment, initially charging defendant with murder. During the argument on the motion to dismiss, the particular defects raised were the absence of the statutory reference to the offense alleged and the failure to refer to the place where the alleged murder had taken place. Neither of these omissions rendered the indictment defective. *People v. Delafosse* (1967), 36 Ill.2d 327, 223 N.E.2d 125; *People v. Wolfe* (1966), 73 Ill.App.2d 274, 219 N.E.2d 634.

■ Allegation (f) alleges that the trial court erred in not ordering a competency hearing for the appellant since a record available to the court revealed appellant was a patient in a mental hospital in 1955. The record does not reveal any serious doubt concerning the appellant's sanity at the time of his trial, sufficient to require the ordering of a hearing. *See People v. Cleggett* (1961), 22 Ill.2d 471, 177 N.E.2d 187; *People v. Burson* (1949), 11 Ill.2d 360, 143 N.E.2d 239.

Counsel for the appellant on appeal has concentrated his argument on allegation (g) as the primary reason that appellant should be granted a hearing. That allegation reads as follows:

"(g) That the action of the defendant-petitioner in pleading guilty to voluntary manslaughter, if in fact the petitioner did plead guilty to the crime of voluntary manslaughter, was the result of coercion in that *the court-appointed attorney for the defendant offered the defendant* a five (5) to ten (10) year sentence to plead guilty to a charge lesser than that of murder." (Emphasis added.)

The appellant attempts to bring his case within the purview of those cases in which the Illinois Supreme Court has made an exception to the general rule requiring that there be supporting affidavits to allegations that a petitioner has suffered a deprivation of constitutional rights under the Post-Conviction Hearing Act. *People v. Washington* (1967), 38 Ill.2d

446, 232 N.E.2d 738, and *People v. Wegner* (1968), 40 Ill.2d 28, 237 N.E.2d 486.

In the present case, however, there is no allegation sufficiently similar to bring it within the purview of the *Washington* and *Wegner* decisions. The appellant at bar has only alleged that his attorney "offered" him five to ten years if he plead guilty to a lesser charge. There is no amplification. The "offer", if in fact made, might have been nothing more than a statement by counsel of a possible sentence if one pleaded guilty; or it might have been a statement of what counsel would try to achieve for him by, for example, encouraging the State's Attorney not to recommend a punishment to the court. All of these are credible possibilities. The record does not support any conclusion that there was coercion or that defendant's attorney told him that he had a "deal" with the judge and/or the State's Attorney. But most importantly the petitioner does not allege any such deal or agreement. Therefore, the cases cited by him are inapplicable.

Appellant argues that, because there is a factual dispute raised by the pleading of coercion, the petitioner's case is "on all fours" with the facts in *People v. Sigafus*, 39 Ill.2d 68, 233 N.E.2d 386. In the present case, however, the appellant's allegation did not contain the specificity of the *Sigafus* allegation, and furthermore, the record here is complete with refutations of any circumstances which would indicate that an unfulfilled promise was used to coerce a plea from the appellant.

The present case is much more similar to *People v. Spicer* (1970), 47 Ill.2d 114, 264 N.E.2d 181. In that case the Supreme Court held that the Circuit Court had properly denied defendant an evidentiary hearing on the question of whether his guilty plea was induced by an unfulfilled promise of probation, since defendant made no contention in his withdrawal motion, filed six months after entry of the plea and one year before his post-conviction petition, that the plea was in any way prompted or induced by an unfulfilled promise, and since, from the record itself, there was no doubt that defendant acted with full understanding at every stage of the proceedings and was not misled, coerced or wrongfully induced to enter a plea. As the court stated, at 183:

> "We held [in *People v. Washington*] that the petition itself was a sworn statement by the accused and that in the absence of anything in the record disputing the allegations he was entitled to a hearing to determine their truth or falsity. Here there are other facts in the record bearing on the issue, so the question is whether the allegations of the petition are sufficient to warrant a hearing when considered with such other facts. As we have held, nonmeritorious petitions may be dismissed without a hearing on the

basis of what is contained in the petition and what is revealed in the record of the trial or other proceeding."

Similar to *Spicer*, in this case, the allegation of coercion by an offer does not appear in any of the appellant's various petitions. Furthermore, appellant made no protest after the sentence was delivered or when he filed his first petition for post-conviction relief. Nor was there any more elaboration of the allegation in the hearing on the motion to dismiss the amended petition.

■■ After reviewing the entire record, we conclude that the allegation that appellant was coerced in that his attorney "offered" him a five-to-ten-year sentence was a conclusion, insufficient, without elaboration or affidavits, to state a claim for post-conviction relief. In both *Washington* and *Wegner*, the allegations were sufficiently detailed to raise a factual question. We find that the allegations in the present case much more closely resemble the allegations in *Spicer*.

The appellant also argues that the trial court committed plain and reversible error by relying on improper evidence, contained in the probation report, during the sentencing hearing. Appellant did not raise this issue in his petition and no argument was made in the trial court concerning the error.

■■ Our Supreme Court has held in *People v. Adkins* (1968), 41 Ill.2d 297, 242 N.E.2d 258, that rules of evidence applicable to the determination of guilt do not bind the trial court during the sentencing phase. It has also held, in *People v. Wade* (1970), 47 Ill.2d 38, 264 N.E.2d 207, at 209, that "the statute providing for a hearing in aggravation and mitigation does not stem from constitutional command *nor confer constitutional rights*". (Emphasis added.)

■■ Only constitutional questions are cognizable under the post-conviction proceeding. (*People v. Orndoff* (1968), 39 Ill.2d 96, 233 N.E.2d 378; *People v. Brown* (1969), 41 Ill.2d 503, 244 N.E.2d 159.) In the present case, since neither the allegations in the petition, nor the sentencing error argued in the brief, raise constitutional questions, the decision of the trial court is affirmed.

Affirmed.

G. MORAN and CREBS, JJ., concur.