THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALD McBEE, Defendant-Appellant.

First District (6th Division)   No. 1—90—1231

Opinion filed February 21, 1992.—Rehearing denied June 9, 1992.

William P. Murphy, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Gael M. O'Brien, Special Assistant State's Attorney, and Renee Goldfarb and John P. O'Grady, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Gerald McBee, was convicted of possession of a controlled substance with intent to deliver. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2).) Prior to his trial in the circuit court of Cook County, defendant filed a motion to produce the State's confidential informant and a motion to suppress evidence and quash arrest. The trial court denied the motion to produce without prejudice. At the subsequent hearing on the motion to suppress evidence and quash arrest, defendant renewed his motion to produce the informant. After hearing evidence, the trial court denied both motions. The parties proceeded with a stipulated bench trial at which defendant was found guilty and sentenced to six years' imprisonment. On appeal, defendant contends that the trial court improperly denied his motions to produce the informant and to suppress the evidence.

Defendant did not testify at the hearing or at the stipulated trial. His affidavit and supplemental affidavit, attached to his motion to produce the informant, are summarized as follows: At about 6 p.m. on May 2, 1988, he and codefendant Gaylord Feketia were at an airport bar when an unknown man approached them and offered defendant some cocaine, which the man placed on the bar. Defendant refused the man's offer. The man then asked if defendant had any cocaine to sell; defendant responded that he did not. The informant then "did a line" of cocaine at the bar, pushed a packet into defendant's hand, saying, "This is really good," got up and left. Defendant went to the gate area where he waited to board a Detroit-bound plane. After hearing arguments, the trial court denied defendant's motion to produce the informant.

At the hearing on the motion to suppress evidence and quash arrest, Officer Joseph Rugoli testified that he had been a police officer for 18 years and had made over 100 narcotics arrests. At the time of defendant's arrest, Rugoli worked in the police department's drug enforcement unit at O'Hare Airport.

Rugoli described defendant's arrest and the events preceding it as follows: on May 2, 1988, at about 5:50 p.m., Rugoli, dressed in plain clothes, spoke to a confidential informant whom Rugoli had known for three years and used in several narcotics investigations. The informant told Rugoli that he had met two men in the airport lounge and that he was returning to the lounge to buy some drugs from them. When Rugoli entered the bar, he saw defendant, codefendant and the informant standing at a table. Rugoli leaned against the bar near the front door, about five to seven feet away from the men. The men faced Rugoli, giving him an unobstructed view. Rugoli heard defendant offer to sell the informant one-half gram of cocaine. Rugoli heard the informant ask how much defendant would be able to sell, to which defendant responded, "[H]ow much you want[?] I got as much as you need." Rugoli saw defendant pull a clear, ball-shaped plastic bag from his waistband and hand it to codefendant, who showed it to the informant. Rugoli believed that the bag contained cocaine. The informant stated that he did not have enough money to buy the cocaine. Codefendant returned the plastic bag to defendant, who put it back in his waistband. Defendant and codefendant left the lounge and walked toward the gate area.

Rugoli further testified that he and Officers McGarry and Mulvihill followed defendant and codefendant to the gate, identified themselves as police officers and asked them to put their bags down. Defendant and codefendant each put down one bag. Rugoli then pulled the plastic bag out of defendant's pants and told him that he was under arrest. While McGarry was patting defendant down, defendant threw up his arms and ran away down the concourse. McGarry and Mulvihill chased defendant and apprehended him. The officers handcuffed him and returned to the place where Rugoli waited with codefendant. The officers searched the two carry-on bags and found six more clear plastic bags of white powder. (The parties stipulated at trial that the seven bags, one from defendant's waistband and six from the luggage, contained 54.28 grams of cocaine.) In January 1990, after hearing the evidence, the court denied defendant's renewed motion to produce the informant and his motion to suppress evidence and quash arrest.

Initially, we reject defendant's claim on appeal that the trial court improperly denied his motion to produce the informant. Supreme Court Rule 412(j)(ii) provides:

> "Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused.

Disclosure shall not be denied hereunder of the identity of witnesses to be produced at a hearing or trial." (134 Ill. 2d R. 412(j)(ii).)

It is well settled that strong public policy reasons favoring nondisclosure of an informant must be balanced against a defendant's need for disclosure in order to prepare his defense (*People v. Crose* (1990), 194 Ill. App. 3d 97, 550 N.E.2d 1102), or where disclosure is essential for a fair determination of a cause. (*Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623.) However, if the issue is one of probable cause, and guilt or innocence is not at stake, the nondisclosure of an informer's identity is not error. (*McCray v. Illinois* (1967), 386 U.S. 300, 311, 18 L. Ed. 2d 62, 70, 87 S. Ct. 1056, 1062.) Whatever the circumstances, defendant must show a need for disclosure. *People v. Stoica* (1987), 163 Ill. App. 3d 660, 516 N.E.2d 909.

■ Upon review of the record, we conclude that the trial court properly denied defendant's motion to produce the informant because the informant's identity was an issue of probable cause, not of defendant's guilt or innocence. Indeed, defendant's affidavit alleged that he needed the informant's identity to "aid the defense on the issue of probable cause" and referred to the encounter between him and the informant as "staged to fabricate probable cause." At argument on the motion, defense counsel argued that disclosure was required because the informant created probable cause. Under *McCray*, because the issue raised was one of probable cause, we cannot say that the trial court improperly refused to require disclosure.

The trial court, in denying defendant's motion, expressly relied upon *People v. Lewis* (1974), 57 Ill. 2d 232, 311 N.E.2d 685, and *People v. Wolfe* (1966), 73 Ill. App. 2d 274, 219 N.E.2d 634. In *Lewis*, our supreme court, in holding that defendants were entitled to the names and addresses of informers, specifically distinguished a motion made during pretrial proceedings from one made at a trial on the merits. In *Wolfe*, this court held that an "informer who participates in a crime" must be disclosed "at a pretrial hearing on a motion to suppress, *if other evidence did not establish probable cause*, and failure to allow such disclosure is error." (Emphasis added.) *Wolfe*, 73 Ill. App. 2d at 280, 219 N.E.2d at 637.

We agree with the trial court that under *Lewis* and *Wolfe* disclosure of the informant's identity here was not required. Defendant's motion to produce the informant, which was filed five months after his arrest, and almost 16 months before trial, was clearly a pretrial motion. Further, even though the trial judge based his ruling on the distinction between pretrial and trial proceedings, defendant did not

at trial make a motion to produce or renew his prior motion to produce. Nor does the record support defendant's claim that there was an "understanding" that his pretrial motion sought production of the informant at trial as well. We also reject defendant's argument that his pretrial request for and denial of the informant's identity necessarily preserve the question for trial.

Moreover, under *Wolfe* the State did not need the informant's testimony to establish probable cause. Although defendant maintains that the informant established probable cause, the arrest report does not refer to the informant or his conversation with defendant. The arrest report indicates that Rugoli observed defendant take "a clear plastic envelope containing crushed white powder, known to [reporting officer] as being cocaine, from the front of his pants and then replace it again." Because this evidence sufficiently established probable cause, disclosure of the informant at the pretrial stage was not required.

■ Nor is this result inconsistent with *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, and *People v. Zymantas* (1989), 191 Ill. App. 3d 55, 547 N.E.2d 536, as defendant argues. In *Franks*, defendant's home was searched pursuant to a warrant after two officers submitted a sworn affidavit stating that they had contacted two of defendant's co-workers who gave them identifying information about defendant. Prior to trial, defendant moved to suppress evidence seized from his home, challenging the veracity of the officers' affidavit, and requested an evidentiary hearing to call as witnesses the officers and his co-workers. Defendant claimed that the officers did not contact his co-workers, that the information the co-workers gave to another officer differed from that recorded in the affidavit, and that the false statements in the officers' affidavit were made in "bad faith." The trial court denied defendant a hearing and denied his motion to suppress. The supreme court reversed and held as follows:

> "[W]here the defendant makes a substantial preliminary showing that [an affiant police officer knowingly and intentionally, or with reckless disregard for the truth, made a false statement] *in the warrant affidavit*, and if [such] statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." (Emphasis added.) (*Franks*, 438 U.S. at 155-56, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676.)

The court noted that defendant's allegation that the officers did not speak to the co-workers directly challenged the integrity of the officers' sworn affidavit. The court stated:

"Because it is the magistrate who must determine independently whether there is probable cause [citations], it would be an unthinkable imposition upon his authority if a warrant affidavit, revealed after the fact to contain a deliberately or recklessly false statement, were to stand beyond impeachment." (*Franks*, 438 U.S. at 165, 57 L. Ed. 2d at 678, 98 S. Ct. at 2681.)

The *Franks* court expressly declined to decide whether disclosure of an informant's identity is ever required, noting that under *McCray v. Illinois*, due process does not require disclosure of an informant's identity when there is ample evidence at the probable cause hearing to show that the informant was reliable and credible. The *McCray* Court held that if a judge under all the circumstances doubts a police officer's credibility, he may require that the informant be identified and produced.

In *People v. Zymantas*, defendant was convicted of syndicated gambling after a bench trial. On appeal, he argued that the trial court erred in denying his request for an evidentiary hearing to challenge the veracity of the police officer's complaint for search warrant. This court found that defendant's affidavit, which challenged the veracity of the officer's statement upon which probable cause and the issuance of a search warrant were based, required the court to grant an evidentiary hearing under *Franks*. (*People v. Zymantas* (1986), 147 Ill. App. 3d 420, 497 N.E.2d 1248.) On remand, defendant requested the identity of the informant named in the officer's affidavit and the discovery of persons who provided information to the officer linking defendant with an unpublished telephone number. The officer's affidavit alleged that the informant told him that he had placed bets with a man via a particular phone number. According to the affidavit, the officer dialed the telephone number, handed the telephone to the informant and observed the informant place several bets. The officer stated that he called the telephone company and learned that the telephone number was registered to defendant. Defendant's motion to quash the warrant and produce the informant and the accompanying affidavit asserted that no confidential informant existed. Defendant also stated that the telephone number indicated in the officer's affidavit was not registered to him, and provided telephone bills to corroborate this fact. On remand, the trial court denied defendant's requests for the informant's identity and for discovery of telephone company

employees and related information, allowing defendant only to examine the police officer. On the second appeal, this court held that disclosure of the informant's identity was required, relying primarily on *Roviaro v. United States* and noted that without any corroborating evidence, "this was a matter of perjury by either [the officer] or defendant." *Zymantas*, 191 Ill. App. 3d at 64, 547 N.E.2d at 541.

Because the purpose of *Franks* is to deter and protect against "perjurious warrant applications" (*People v. Lucente* (1987), 116 Ill. 2d 133, 150, 506 N.E.2d 1269, 1276), in our view, *Franks* and *Zymantas* do not apply when an officer's credibility in a warrant statement is not at issue, as here. Even assuming that these cases apply to a warrantless arrest, we cannot conclude that they require a different result. The evidence in *Zymantas* constituting a "substantial preliminary showing" that the officer testified falsely was ample. There, defendant's motion to produce alleged that the officer made nine "false statements knowingly and intentionally, or with reckless disregard for the truth." Moreover, defendant alleged that no confidential informant existed. Defendant's sworn denials stated that he did not take wagers or receive telephone calls on the days indicated and was employed away from home on those days. By contrast, defendant here did not allege in his motion or affidavits that Rugoli made false statements, either knowingly, intentionally or with reckless disregard for the truth. Further, unlike *Zymantas*, defendant here acknowledged the informer's existence, but claimed a different version of the events leading up to arrest. Defendant's challenge is based solely upon his uncorroborated affidavit of denial. Unlike *Zymantas*, where a probable cause determination was made *ex parte* without cross-examination, defense counsel here had the opportunity at the hearing to challenge the truthfulness and reliability of Rugoli's testimony. After hearing this evidence, the trial court here apparently found that Rugoli's testimony was credible and had a reliable basis. We, therefore, reject defendant's claim that nondisclosure of the informant here is inconsistent with *Franks* and *Zymantas*.

■ Applying the proper standard applicable to warrantless arrest cases, we cannot say that the trial court's ruling on the motion to produce was erroneous. Illinois law permits a warrantless arrest when a police officer has reason to believe that a person is committing or has committed an offense. (*People v. Gall* (1988), 171 Ill. App. 3d 250, 524 N.E.2d 1210.) A defendant seeking to challenge a warrantless arrest on a motion to suppress has the burden of proving that the search and seizure were unlawful. (*People v. Hoskins* (1984), 101 Ill. 2d 209, 461 N.E.2d 941.) It is the responsibility of the trial judge to deter-

mine the credibility of witnesses at a suppression hearing, and its decision will not be reversed unless it is against the manifest weight of the evidence. *People v. Bae* (1988), 176 Ill. App. 3d 1065, 531 N.E.2d 931.

At the hearing on the motion to produce, the trial judge denied defendant's motion "at this time *** without prejudice to bring it up again after evidence is adduced at the [hearing on the suppression] motion." At the subsequent suppression hearing, defendant renewed his motion to produce the informant which the court denied after hearing the evidence. Officer Rugoli testified that he heard defendant offer to sell cocaine to informant, then observed defendant remove a clear plastic bag from his waistband, pass it through codefendant to the informant, then return it to his waistband. Rugoli believed that the bag contained cocaine. Defendant offered no other evidence. The trial judge heard Rugoli's testimony and, as we have stated, apparently found him to be credible. We believe the trial judge could properly determine from the evidence presented that probable cause existed that defendant possessed a controlled substance and that the informant's testimony was not necessary.

■ Defendant also claims that the informant was a "transactional witness" whose disclosure was thereby mandated. None of the numerous cases cited by defendant, however, requires this result. Defendant was charged with possession of a controlled substance with intent to deliver. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2).) To support a conviction for this offense, the State must establish that defendant knew narcotics were in his immediate control or possession, and that the amount of narcotics exceeded that which might be viewed as merely possessed for personal use. (*People v. Witherspoon* (1991), 216 Ill. App. 3d 323, 576 N.E.2d 1030; *People v. Pintos* (1988), 172 Ill. App. 3d 1096, 527 N.E.2d 312.) Whether defendant had the intent to deliver a controlled substance may be inferred from the facts and circumstances of the incident. (*People v. LeCour* (1988), 172 Ill. App. 3d 878, 527 N.E.2d 125.) The State in the present case indicated at the hearing that it did not intend to call the informant at trial, and in fact did not need his testimony to establish any elements of the crime. (*Cf. People v. Coleman* (1984), 124 Ill. App. 3d 597, 464 N.E.2d 827.) Upon arrest pursuant to probable cause, the police discovered a clear packet of cocaine in the waistband of defendant's pants and six additional bags of cocaine in the luggage, totalling 54.28 grams. Such amount certainly exceeded that used for personal consumption. Based upon the nature of the crime charged, we cannot say that the informant's testimony could be exculpatory. Moreover, because the crime charged

did not require a sale or delivery, the informant did not "witness" or participate in the crime. Even if the informant participated in the crime, pretrial disclosure is not necessary unless other evidence does not establish probable cause under *Wolfe*, as discussed above. For these additional reasons, the informant's disclosure was not necessary.

■ We next consider defendant's argument that the nondisclosure of the informant precluded him from adequately preparing his entrapment defense and, thus, denied him a fair trial. We note initially that although the State's discovery motion requested notice of any affirmative defenses that defendant intended to raise, nothing in the record indicates that defendant ever raised entrapment as an issue. Even assuming, however, that defendant properly raised this issue, we reject his argument. In order to determine whether the informant was a material witness for an entrapment defense, it is necessary to understand the nature of that defense and its application here. Under Illinois law, entrapment occurs when the State implants the disposition to commit an offense in an innocent person's mind. (Ill. Rev. Stat. 1987, ch. 38, par. 7—12.) The lack of a defendant's criminal disposition to commit the crime is the principal element of the entrapment defense. (*People v. Katsigiannis* (1988), 171 Ill. App. 3d 1090, 526 N.E.2d 508; *People v. Boalbey* (1986), 143 Ill. App. 3d 362, 493 N.E.2d 369.) Even viewing all of the evidence in a light most favorable to defendant, his claim that he was entrapped is meritless. The parties stipulated that the police found 54.28 grams of cocaine on his person and in the luggage. Even if the trial court believed that the informant gave defendant the packet of cocaine later recovered from the waistband of defendant's pants, the luggage contained six additional bags of cocaine. As such, we cannot conclude that defendant was not predisposed to commit the crime charged, possession with intent to deliver a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2)), and his entrapment claim fails as a matter of law. Because the informant's testimony could not have established defendant's innocence, we cannot say that defendant's constitutional rights were violated. *Cf. People v. Sanchez* (1987), 163 Ill. App. 3d 186, 516 N.E.2d 556.

Defendant also contends that the warrantless search of the luggage violated his fourth amendment rights. The trial court found that the search was permissible on two grounds: that defendant abandoned the luggage and therefore had no legitimate expectation of privacy in it entitling him to fourth amendment protection, and that the search was incident to a lawful arrest. Initially, we note that we will not overturn a trial court's determination on a motion to suppress unless it

is manifestly erroneous. (*People v. Murray* (1990), 137 Ill. 2d 382, 560 N.E.2d 309; *People v. Starks* (1989), 190 Ill. App. 3d 503, 546 N.E.2d 71.) A warrantless search of property that has been "abandoned" does not violate the fourth amendment. (*Abel v. United States* (1960), 362 U.S. 217, 4 L. Ed. 2d 668, 80 S. Ct. 683; *People v. Hoskins*, 101 Ill. 2d 209, 461 N.E.2d 941.) A defendant's action relative to his property which shows no expectation of privacy in that property constitutes abandonment which justifies a seizure of the property even without probable cause. *People v. Clodfelder* (1988), 176 Ill. App. 3d 339, 530 N.E.2d 1173.

■ We find *People v. Hoskins*, relied upon by the trial court, instructive on this issue. In *Hoskins*, our supreme court approved a warrantless search under somewhat similar facts. In that case, when the police told defendant that she was under arrest for prostitution, defendant ran from the officers and either dropped or threw her purse. After apprehending defendant, police searched her purse and found an envelope containing cocaine. The supreme court found the search proper under the theory of abandonment and as a search incident to arrest, and reversed the trial court's suppression order. Similarly, in *People v. Jones* (1967), 38 Ill. 2d 427, 231 N.E.2d 580, our supreme court found that defendant abandoned his car and its contents by running from it "to avoid capture." *Jones*, 38 Ill. 2d at 432, 231 N.E.2d at 583.

Under *Hoskins* and *Jones*, we cannot conclude that the trial court's determination that defendant abandoned the carry-on luggage was manifestly erroneous. We recognize that defendant did not abandon the luggage and forego his expectation of privacy merely by placing the bags down as ordered by the police. However, by his subsequent actions, defendant indicated that he intended to flee and avoid police capture, and that he did not intend to return for the luggage in which the police found the cocaine. Moreover, it is unlikely that one intending to maintain a privacy right in luggage would run from it, leaving it in a public place such as an airport gate. As such, we believe that defendant did not expect to preserve privacy in his carry-on bags. That is all that is necessary to constitute abandonment. (*People v. Clodfelder*, 176 Ill. App. 3d 339, 530 N.E.2d 1173.) Nor do we believe, as defendant claims, that he relinquished control over the bags to the police when he placed them on the floor and, thus, could not have "abandoned" them. The evidence does not suggest that the police moved the bags out of defendant's reach or isolated them in any other way. Although police had arrested defendant, he was not handcuffed. As in *Hoskins*, defendant intended to flee and escape police,

not to return for the bags. Moreover, we do not believe that defendant's abandonment of the bags was "involuntary" because he fled to avoid police capture. (See *United States v. De Parias* (11th Cir. 1986), 805 F.2d 1447; *United States v. Jones* (10th Cir. 1983), 707 F.2d 1169; *United States v. Garcia* (7th Cir. 1979), 605 F.2d 349; *People v. Sims* (1987), 166 Ill. App. 3d 289, 519 N.E.2d 921.) Once the bags were abandoned, the officers did not need a search warrant to search the bags. Given these circumstances, we find no error in the trial court's denial of defendant's motion. Because we so conclude, we need not address whether the search was incident to defendant's arrest.

For the foregoing reasons, the orders of the circuit court of Cook County denying the motion to produce the informant and the motion to quash arrest and suppress evidence are affirmed.

Judgment affirmed.

EGAN, P.J., and RAKOWSKI, J., concur.