FIFTH DIVISION
October 6, 2006

No. 1-05-0547

THE PEOPLE OF THE STATE OF ILLINOIS,                    Appeal from the
                                                        Circuit Court of
        Plaintiff-Appellee,                             Cook County.

v.

JAMES NOVAKOWSKI,                                       The Honorable
                                                        Garritt E. Howard,
        Defendant-Appellant.                            Judge Presiding.


        JUSTICE GALLAGHER delivered the opinion of the court:

        Following a bench trial, defendant, James Novakowski, was convicted of

residential burglary (720 ILCS 5/19-3 (West 2004)) and theft (720 ILCS 5/16-1(a)(4)

(West 2004)), and sentenced to concurrent terms of 15 and 5 years' imprisonment,

respectively.  On appeal, defendant contends that his motion to quash his arrest and

suppress evidence was erroneously denied.

        The State's evidence demonstrated that, on March 12, 2004, Officer James

Salas investigated a residential burglary where nothing had been stolen.  Officer Salas

subsequently drove his marked police car through the neighborhood and noticed

defendant walking and carrying a purple backpack.  When defendant saw Salas, he

dropped the backpack to the ground next to a tree, crossed the street and walked

toward Salas.  Salas recognized defendant as a suspect in several neighborhood

burglaries.  Salas asked defendant about the backpack, and defendant merely

"chuckled."  In response to Salas's subsequent inquiry regarding his whereabouts,

defendant responded with two conflicting accounts.  According to Salas, defendant's

answers were evasive and he appeared to be nervous, as he was "sweating" and "twitching."

Almost immediately, another officer arrived to secure defendant while Salas retrieved the backpack, in which he discovered a video camera, money, collectible coins and jewelry. Defendant was subsequently arrested and taken to a police station for further investigation. Later in the day, investigation of another residential burglary revealed that the backpack and the items therein belonged to the victim, Jeffrey Gallichio. After being read the Miranda warnings, defendant eventually confessed to breaking a basement window of the victim's home and removing several items from the house. Defendant refused to memorialize his statement in writing.

Prior to trial, defendant filed a motion to quash his arrest and suppress his statement. At the subsequent hearing, Salas testified that, at the time of the offense, he had been a police officer for 23 years. Salas was approximately one block away from the burglarized home when he encountered defendant. After witnessing defendant drop the backpack and walk about 60 feet across the street, Salas recognized him from police flyers with his picture identifying him as a suspect in several residential burglaries. Salas subsequently patted down defendant's person for weapons and asked about the backpack. Once defendant merely responded with a "chuckle," Salas "told [defendant that he] was investigating a burglary in the area and that [he] would be asking [defendant] questions since [defendant] was in the area and *** a known burglar." Salas stated that he arrested defendant after discovering the contents of the backpack, not in relation to the prior residential burglary, but because he suspected that the items were stolen. Defendant was detained for approximately two hours prior to the

victim knowing that his house had been burglarized. About an hour later, the victim identified the backpack and the items contained therein. Defendant was in custody for almost four hours prior to confessing to the offense. Defendant did not testify at the suppression hearing.

The trial court denied defendant's motion, specifically finding that Salas's investigatory stop was valid on the basis that defendant acted "suspiciously" when he saw Salas who was a known burglar, and a burglary had just occurred a block away from where he was stopped. Further, the trial court stated that "police work is a common sense business" and it was "obvious from looking at those items that [they] were taken in a burglary." Although the trial court seemingly reprimanded the police for not having immediately determined that the items were in fact taken from a burglarized residence, the court determined that Salas acted reasonably, based upon the circumstances. Moreover, the trial court stated that defendant was held in custody "for a reasonable period of time" within which the items were identified by the victim as stolen.

At trial, the parties stipulated to Salas's prior testimony. Salas additionally testified that defendant initially refused to make any oral or written statements while at the police station. Approximately two hours later, however, defendant confessed.

Defendant testified that, on the day in question, he was released from a methadone clinic, went to his mother's house and then went to a Dominick's grocery store. After leaving Dominick's, defendant was stopped by Salas. Defendant denied carrying a backpack. Defendant additionally denied ever making a statement.

The trial court found defendant guilty of residential burglary and theft, specifically

stating that Officer Salas was a "very credible witness." Defendant was sentenced as described above. This timely appeal followed.

Review of a trial court's ruling on a motion to quash arrest presents mixed questions of fact and law. People v. Sturgess, 364 Ill. App. 3d 107, 111 (2006). The trial court's factual and credibility determinations are accorded great deference, and we reverse only if the findings are against the manifest weight of the evidence. People v. James, 365 Ill. App. 3d 847, 848 (2006). Legal conclusions, however, are reviewed *de novo*. James, 365 Ill. App. 3d at 848. Therefore, we review the ultimate determination of whether the evidence should have been suppressed *de novo*. People v. Hopkins, 363 Ill. App. 3d 971, 981 (2005).

Defendant contends that the trial court erred in denying his motion to quash arrest on the basis that he was detained absent any reasonable, articulable suspicion of criminal activity.

The fourth amendment provides protection for individuals from unreasonable searches and seizures. U.S. Const., amends. IV, XIV; Ill. Const. 1970, art. I, §6; James, 365 Ill. App. 3d at 850. Generally, a warrant supported by probable cause is required for a search or seizure to be considered reasonable. Hopkins, 363 Ill. App. 3d at 982. However, pursuant to Terry v. Ohio, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), a police officer may briefly detain an individual, absent probable cause to arrest, if there is a reasonable, articulable suspicion of criminal activity. Hopkins, 363 Ill. App. 3d at 981; see 725 ILCS 5/107-14 (West 2004). The reasonableness of a Terry stop depends on "whether the officer's action was justified at its inception," and "whether it was reasonably related in scope to the circumstances that justified the stop in the first

place." James, 365 Ill. App. 3d at 852, citing People v. Gonzalez, 204 Ill. 2d 220, 228-29 (2003). Reasonableness is objectively determined based on the facts and resulting inferences available to the officer at the time. Hopkins, 363 Ill. App. 3d at 981. The defendant bears the burden of proving that a search and seizure were unlawful. People v. Rogers, 71 Ill. App. 3d 1046, 1049 (1979).

In the instant case, shortly after investigating a residential burglary a block away, Officer Salas witnessed defendant drop his backpack and walk toward Salas's marked squad car. As he approached, Salas recognized defendant to be a suspect in other resident burglaries. Accordingly, we find that it was objectively reasonable for Salas to initiate a stop for investigative purposes.

Moreover, Salas's questioning was reasonably related to the initial purpose of the stop. Although nothing was reported missing from the initial burglary, it was not unreasonable to question defendant about the contents of a backpack that he suspiciously dropped prior to approaching Salas. When defendant failed to respond to the question, Salas articulated his purpose for continuing to question defendant. Defendant, however, was still unable to provide a clear answer regarding his prior whereabouts. Throughout the questioning, defendant was evasive and appeared noticeably nervous. Defendant's responses aroused further suspicion in Salas's mind, adding to more than an individual merely being present in an area of expected criminal activity. See People v. Beverly, 364 Ill. App. 3d 361 (2006); see also James, 365 Ill. App. 3d at 853 ("investigatory stops are evolving encounters and *** the court is not limited to considering the situation as it existed at the precise moment the stop occurred"). Consequently, we find that the initial Terry stop was valid.

Defendant next contends that his fourth amendment rights were violated when his backpack was searched. The State responds that defendant's backpack was abandoned and, therefore, there was no "search" for fourth amendment purposes.

"Fourth amendment protection against an unreasonable search and seizure does not extend to abandoned property because the possessor's right of privacy in the property has been terminated." People v. Ellis, 241 Ill. App. 3d 1034, 1041 (1993), citing People v. Hoskins, 101 Ill. 2d 209, 220 (1984). Property is considered abandoned when an individual drops it to the ground or leaves it behind in a public place. Ellis, 241 Ill. App. 3d at 1041, citing Hoskins, 101 Ill. 2d at 219-20. Consequently, abandoned property may be searched and seized absent probable cause. Ellis, 241 Ill. App. 3d at 1041. Abandonment will not be found simply where a defendant relinquishes possession or control of an object; rather, the circumstances must demonstrate that the defendant retained no expectation of privacy therein. People v. McBee, 228 Ill. App. 3d 769, 779 (1992); see also 1 W. LaFave, Search & Seizure §2.6(b) (4th ed. 2004).

In the instant case, upon noticing the presence of Officer Salas, defendant voluntarily dropped his backpack next to a tree, crossed the street and walked approximately 60 feet away. Any passerby could have easily taken or accessed the backpack, because it remained openly visible in a public place. Hoskins, 101 Ill. 2d at 219-20; see McBee, 228 Ill. App. 3d at 779-80; see also 1 W. LaFave, Search & Seizure §2.6(b) (4th ed. 2004). Moreover, defendant was completely evasive when questioned about the backpack and never demonstrated any concern or intention to protect it as his own. See People v. Clodfelder, 176 Ill. App. 3d 339, 344 (1988). The only testimony that defendant provided regarding the backpack occurred at trial, where he denied ever

carrying or having any knowledge of it.  See Clodfelder, 176 Ill. App. 3d at 344.

Nevertheless, abandonment is objectively determined; therefore, the result would not

differ had defendant testified that he intended to later reclaim the backpack.  People v.

Pitman, 211 Ill. 2d 502, 519-20 (2004), citing United States v. Basinski, 226 F.3d 829

(7th Cir. 2000).  Accordingly, we find that defendant's actions demonstrated a voluntary

relinquishment of the backpack and any expectation of privacy therein.  See Ellis, 241

Ill. App. 3d at 1041; see also McBee, 228 Ill. App. 3d at 779-80.  Therefore, Salas's

"search" of the backpack was proper.

Defendant further contends that the trial court erred in denying his motion to

quash arrest on the basis that he was arrested absent probable cause.

" 'Probable cause exists where, at the time of the arrest, the facts and

circumstances known to the police officer would lead a reasonable person to believe

that the defendant had committed a crime.' "  Hopkins, 363 Ill. App. 3d at 982, quoting

People v. Ollie, 333 Ill. App. 3d 971, 980 (2002).  Reasonable suspicion may be raised

to the level of probable cause for arrest as a result of an investigation or police

questioning of the suspect.  Hopkins, 363 Ill. App. 3d at 982.

In the instant case, upon discovering the contents of the backpack, Salas

arrested defendant.  We find that Salas's articulable suspicion had sufficiently been

raised to the level of probable cause based on the circumstances.  Combining all of the

circumstances throughout the Terry stop with the contents of the backpack (i.e., video

camera, money, collectible coins and jewelry), we conclude that a reasonable person

would have believed that defendant had committed a crime.

Defendant argues that there was not probable cause to arrest because the

burglary during which the items were stolen had yet to be reported at the time of his arrest. We determine, however, that probable cause existed here, as previously described, because Officer Salas was not required to relate defendant or the backpack and its contents to a particular crime. See Clodfelder, 176 Ill. App. 3d at 345; see also 2 W. LaFave, Search & Seizure §3.6(a) at 306 (4th ed. 2004) ("it is not essential to a finding of probable cause that the officer be able to relate the person or property to some particular prior crime"). Officer Salas knew that defendant was a suspect in numerous residential burglaries and was in possession of items that appeared to be stolen. See Clodfelder, 176 Ill. App. 3d at 345; *cf.* People v. Agnew, 152 Ill. App. 3d 1037 (1987) (probable cause not found where the officer had no knowledge of any theft, yet defendant was arrested based solely on possession of property likely stolen). Consequently, we find that the arrest was lawful.

Defendant takes issue with the fact that, despite the trial court's statement that the police should have confirmed the victim's residential burglary prior to defendant's arrest, the court denied his motion. Consistent with this order, we are not persuaded that the trial court's statement resulted in an improper outcome. We must remember that it is the judgment of the trial court which we review, not its reasoning. People v. Mendoza, 364 Ill. App. 3d 564, 573 (2006). Consequently, defendant's motion to quash his arrest and suppress his statement was properly denied.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

O'BRIEN, P.J., concurs.

NEVILLE, J., dissents.

1-05-0547

JUSTICE NEVILLE, dissenting:

I respectfully dissent because (1) I do not believe that Officer Salas had knowledge of sufficient facts at the time of the initial encounter with the defendant to create a reasonable suspicion of criminal activity that would justify the investigative stop, and (2) I do not believe that Officer Salas had probable cause to arrest defendant.

The Terry Stop

The majority finds that it was objectively reasonable for Officer Salas to initiate a stop for investigative purposes because (1) defendant dropped his backpack and walked toward Officer Salas's marked squad car; and (2) as defendant approached the officer, Officer Salas recognized defendant as a suspect in other residential burglaries.

My review of the facts in this case leads me to conclude that Officer Salas failed to meet the first prong of <u>Terry</u> because the stop was not justified at its inception. <u>Terry</u>, 392 U.S. at 19-20, 20 L. Ed. 2d at 905, 88 S. Ct. at 1879.

A <u>Terry</u> stop is proper if a person of reasonable caution believes that the action taken was justified knowing the facts available at the time of the stop. <u>People v. Spann</u>, 332 Ill. App. 3d 425, 433 (2002). The reasonableness of a <u>Terry</u> stop is dependent upon whether the officer's action was: (1) justified at its inception; and (2) "reasonably related in scope to the circumstances which justified the interference in the first place." <u>Terry</u>, 392 U.S. at 20, 20 L. Ed. 2d at 905, 88 S. Ct. at 1879; <u>People v. Gonzalez</u>, 204 Ill. 2d 220, 228-29 (2003). A <u>Terry</u> stop must be objectively reasonable and predicated on specific and articulable facts that, taken together with the resulting inferences, would warrant the intrusion. <u>People v. Hopkins</u>, 363 Ill. App. 3d 971, 981 (2005).

In my opinion, viewing the totality of the circumstances, Officer Salas did not articulate sufficient facts to create a reasonable suspicion that the defendant was presently engaged in criminal activity. The facts establish that Officer Salas was not aware of any criminal activity at the time he stopped the defendant: (a) the officer investigated a residential burglary, which was not connected to the crime the defendant was suspected of committing, and discovered that nothing was stolen, and (b) the officer observed the defendant, who was a suspect in other burglaries, drop his backpack before approaching the officer. <u>Reid v. Georgia</u>, 448 U.S. 438, 440, 65 L. Ed. 2d 890, 894, 100 S. Ct. 2752, 2754 (1980) (While there are some circumstances where a person my be detained briefly without probable cause to arrest, any curtailment of a person's liberty by the police must be supported by a reasonable and articulable suspicion that the

person seized is engaged in criminal activity). A police officer's suspicion about a defendant's suspected history of criminal activity, standing alone, does not constitute a reasonable suspicion. See People v. Ortiz, 317 Ill. App. 3d 212, 225 (2000) (a person's criminal history does not support a finding of reasonable suspicion). Individualized suspicion must be based at least in part on facts indicating possible present criminal activity. People v. Lampitok, 207 Ill. 2d 231, 257 (2003), citing Illinois v. Gates, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332 (1983).

I believe that People v. Kipfer, 356 Ill. App. 3d 132 (2005), will assist in our analysis of this case. The Kipfer court held that a police officer lacked reasonable suspicion for a Terry stop when, at 3:30 a.m., he saw the defendant come out from behind a Dumpster and walk through the parking lot of an apartment complex. The officer did not see the defendant do anything illegal, but the fact that car burglaries had recently occurred in the parking lot caused the officer to become suspicious. Kipfer, 356 Ill. App. 3d at 134. The Kipfer court found that the defendant's presence in the parking lot at a late hour was not suspicious, and the officer failed to articulate any facts to distinguish the defendant from a resident of the apartment complex, a guest of a resident, or a mere passerby. Kipfer, 356 Ill. App. 3d at 138. The Kipfer court held that " '[a]n individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime.' " Kipfer, 356 Ill. App. 3d at 138, quoting Illinois v. Wardlow, 528 U.S. 119, 124, 145 L. Ed. 2d 570, 576, 120 S. Ct. 673, 676 (2000); see also People v. Luedemann, 357 Ill. App. 3d 411, 424 (2005).

Like the officer in Kipfer, Officer Salas did not observe defendant do anything

illegal. Officer Salas merely saw defendant, a man who was suspected of criminal activity, walking down a street in a neighborhood where a burglary had been reported. Furthermore, like the defendant in Kipfer, although a burglary had been reported earlier that evening, defendant's presence in an area of suspected criminal activity was not enough to support a reasonable, particularized suspicion that defendant had committed or was about to commit a crime. See Wardlow, 528 U.S. at 124, 145 L. Ed. 2d at 576, 120 S. Ct. at 676; Luedemann, 357 Ill. App. 3d at 424; Kipfer, 356 Ill. App. 3d at 138. Consequently, like the officer in Kipfer, Officer Salas lacked knowledge of sufficient facts to create a reasonable suspicion for a Terry stop, and the Terry stop was not justified because the defendant was a suspect in other burglaries and dropped his backpack to the ground before crossing the street to talk with the officer.

I acknowledge that investigative Terry stops are evolving encounters where new facts continually emerge. However, the majority does not point to any knowledge the officer possessed or observations he made prior to the stop that would support the officer's conclusion that defendant was engaged in criminal activity. A nervous demeanor describes a large category of citizens who encounter the police on the street. Reid, 448 U.S. at 441, 65 L. Ed. 2d at 894, 100 S. Ct. at 2754 (The fact that a person looks back at another person or the manner in which people walk through the airport does not justify a seizure). While dropping a backpack may constitute suspicious behavior, it is not a criminal offense within the purview of the Criminal Code of 1961. See 720 ILCS 5/1-1 et seq. (West 2004). Moreover, the inconsistent answers that were given to Officer Salas's questions and the officer's observations of the contents of defendant's backpack after the Terry stop cannot be used to support the initial

suspicions the officer possessed prior to the stop. The conduct justifying a stop under Terry must have been justified at the stop's inception. People v. Thomas, 198 Ill. 2d 103, 109 (2001). Here, defendant's conduct, prior to the stop, did not justify the Terry stop. "Viewed as a whole, the situation confronting the police officer must be so far from the ordinary that any competent officer would be expected to act quickly." Thomas, 198 Ill. 2d at 110. Aside from defendant dropping his backpack, an innocent, legal act, the majority points to no additional information that Officer Salas possessed before stopping defendant. Consequently, it is my belief that, under Terry, Officer Salas was not justified when he stopped the defendant for investigative purposes.

Probable Cause

The majority also found that Officer Salas had probable cause for defendant's warrantless arrest because of the contents of the backpack (i.e., video camera, money, collectible coins, and jewelry) and because of the circumstances that justified the Terry stop: (1) Officer Salas had investigated a burglary at a residence and discovered that nothing was stolen, but the defendant, who was depicted in flyers as a suspect in other burglaries, was observed by the officer in the same neighborhood; and (2) Officer Salas observed the defendant drop a backpack and deny ownership or possession of the backpack. I do not believe that the circumstances surrounding the Terry stop, coupled with Officer Salas's observations when he inspected the contents of the backpack, constitute probable cause to believe that a crime had been committed and that the defendant had committed that crime. At the time of the defendant's arrest, Officer Salas was aware that nothing was stolen from the suspected burglarized residence that he had visited and no other burglary had been reported. Based on Officer Salas's testimony, he

was uncertain, at the time of defendant's stop and at the time of his arrest, that a crime had been committed; therefore, I find that the defendant's privacy rights have to be considered and more evidence was required to satisfy the probable cause requirement. See In re D.G., 144 Ill. 2d 404, 409 (1991).

Probable cause exists when police have knowledge of facts which would lead a reasonable man to believe that a crime has occurred and that it has been committed by the defendant. In re D.G., 144 Ill. 2d at 410. Reasonable suspicion may be raised to the level of probable cause for an arrest as a result of an investigation or police questioning of the suspect. Hopkins, 363 Ill. App. 3d at 982, citing People v. Lee, 214 Ill. 2d 476, 488 (2005). However, probable cause is not established where there is merely suspicion that the individual arrested has committed a crime. People v. Agnew, 152 Ill. App. 3d 1037, 1040 (1987). "Even if the totality of the circumstances known to the officer are enough to heighten suspicion and justify further investigation, the officer still may not have enough information to support a warrantless arrest." Hopkins, 363 Ill. App. 3d at 982, citing Lee, 214 Ill. 2d at 488. Where there is uncertainty as to whether a crime has been committed, the privacy rights of the individual may be given more consideration. In re D.G., 144 Ill. 2d at 410. Therefore, where the question is (1) whether a crime has been committed, and (2) whether a particular individual committed a known crime, as in this case, more evidence will be required to satisfy the probable cause requirement. In re D.G., 144 Ill. 2d at 410.

In In re D.G., the Illinois Supreme Court reviewed the question of whether probable cause existed to arrest a respondent where there was uncertainty as to whether a crime had been committed. In that case, when the officer arrested respondent,

the officer was not aware that a crime had been committed in the vicinity or that a crime was committed by someone matching respondent's description. In re D.G., 144 Ill. 2d at 410. The In re D.G. court found that possession of $1,000 by a minor is not a crime and, although this fact may arouse suspicion, this fact standing alone does not create probable cause to believe that the minor has committed a crime. In re D.G., 144 Ill. 2d at 410-11.  The court further found that the officer's arrest of the respondent was based upon a mere hunch and that there was no probable cause for the arrest. In re D.G., 144 Ill. 2d at 411. The In re D.G. court held that there were no facts which were known to the officer at the time of the arrest that would warrant a man of reasonable caution to believe a crime had been committed. In re D.G., 144 Ill. 2d at 411.

I believe that In re D.G. is similar to the present case.  In this case, Officer Salas investigated a burglary at a residence where he discovered that nothing had been stolen. I believe that because Officer Salas discovered that nothing was stolen, uncertainty existed as to whether a crime had actually been committed. Like the respondent in In re D.G. who had $1,000 on his person, the defendant in this case had a backpack with valuable items in it -- a video camera, money, collectible coins, and jewelry. Although the contents of the defendant's backpack may have aroused Officer Salas's suspicion, the officer's suspicions did not provide probable cause to arrest the defendant.  When at the time of the arrest the officer was uncertain that a crime had been committed, defendant's possession of valuable items did not provide probable cause to arrest the defendant. In re D.G., 144 Ill. 2d at 411.  Consequently, I find that there were no facts known to Officer Salas at the time of the arrest that would warrant a man of reasonable caution to believe that a crime had been committed. In re D.G., 144 Ill. 2d at 411.    Furthermore, I

believe that Agnew is instructive on the issue of whether probable cause existed in the

instant case, where the burglary from which the items were stolen had yet to be reported

at the time of his arrest. The Agnew court determined that the defendants' warrantless

arrest was not supported by probable cause where, after stopping them for a traffic

violation, the officer discovered that the defendants were in possession of property that

was likely stolen, but no theft had been reported. Agnew, 152 Ill. App. 3d at 1042-43.

Rather, the Agnew court determined that the officer arrested the defendants merely on a

hunch that they had stolen the property. Agnew, 152 Ill. App. 3d at 1042-43. Ultimately,

the Agnew court concluded that the defendants' arrest before the commission of the

crime could be verified was unlawful. Agnew, 152 Ill. App. 3d at 1043.

In the instant case, the majority cites Agnew, but reaches a difference conclusion

even though the cases have similar facts: the defendant in this case was arrested before

a crime was reported. Here, Officer Salas knew that the defendant was a suspect in

numerous residential burglaries and the officer had a suspicion that the defendant was in

possession of items that were stolen. Like the Agnew court, I do not believe the officer in

this case had probable cause because he had nothing more than a mere suspicion and

suspicion does not provide an officer with probable cause to justify a defendant's arrest.

Agnew, 152 Ill. App. 3d at 1043; also see Henry v. United States, 361 U.S. 98, 101, 4 L.

Ed. 2d 134, 138, 80 S. Ct. 168, 170 (1959) (rumors, reports, suspicion or strong reason

to suspect are not adequate probable cause to support a warrant for arrest). In People

v. Reynolds, 94 Ill. 2d 160 (1983), the Illinois Supreme Court described the probable

cause determination as "a compromise for accommodating the 'often opposing interests'

of privacy and law enforcement," and stated that "there is good reason for striking the

compromise somewhat on the side of privacy where it is uncertain whether any crime has occurred." Reynolds, 94 Ill. 2d at 166, quoting People v. Lippert, 89 Ill. 2d 171, 179-180 (1982), and quoting 1 LaFave, Search and Seizure §3.2, at 484-85 (1978). Given the fact that no crime had been reported, the majority's opinion in this case does not strike the proper compromise. Consequently, I believe that the defendant's motion to quash the arrest and suppress the statement should have been granted.