JUSTICE GALLAGHER delivered the opinion of the court: Following a bench trial, defendant, James Novakowski, was convicted of residential burglary (720 ILCS 5/19 — 3 (West 2004)) and theft (720 ILCS 5/16 — 1(a)(4) (West 2004)), and sentenced to concurrent terms of 15 and 5 years’ imprisonment, respectively. On appeal, defendant contends that his motion to quash his arrest and suppress evidence was erroneously denied. The State’s evidence demonstrated that, on March 12, 2004, Officer James Salas investigated a residential burglary where nothing had been stolen. Officer Salas subsequently drove his marked police car through the neighborhood and noticed defendant walking and carrying a purple backpack. When defendant saw Salas, he dropped the backpack to the ground next to a tree, crossed the street and walked toward Salas. Salas recognized defendant as a suspect in several neighborhood burglaries. Salas asked defendant about the backpack, and defendant merely “chuckled.” In response to Salas’s subsequent inquiry regarding his whereabouts, defendant responded with two conflicting accounts. According to Salas, defendant’s answers were evasive and he appeared to be nervous, as he was “sweating” and “twitching.” Almost immediately, another officer arrived to secure defendant while Salas retrieved the backpack, in which he discovered a video camera, money, collectible coins and jewelry. Defendant was subsequently arrested and taken to a police station for further investigation. Later in the day, investigation of another residential burglary revealed that the backpack and the items therein belonged to the victim, Jeffrey Gallichio. After being read the Miranda warnings, defendant eventually confessed to breaking a basement window of the victim’s home and removing several items from the house. Defendant refused to memorialize his statement in writing. Prior to trial, defendant filed a motion to quash his arrest and suppress his statement. At the subsequent hearing, Salas testified that, at the time of the offense, he had been a police officer for 23 years. Salas was approximately one block away from the burglarized home when he encountered defendant. After witnessing defendant drop the backpack and walk about 60 feet across the street, Salas recognized him from police flyers with his picture identifying him as a suspect in several residential burglaries. Salas subsequently patted down defendant’s person for weapons and asked about the backpack. Once defendant merely responded with a “chuckle,” Salas “told [defendant that he] was investigating a burglary in the area and that [he] would be asking [defendant] questions since [defendant] was in the area and *** a known burglar.” Salas stated that he arrested defendant after discovering the contents of the backpack, not in relation to the prior residential burglary, but because he suspected that the items were stolen. Defendant was detained for approximately two hours prior to the victim knowing that his house had been burglarized. About an hour later, the victim identified the backpack and the items contained therein. Defendant was in custody for almost four hours prior to confessing to the offense. Defendant did not testify at the suppression hearing. The trial court denied defendant’s motion, specifically finding that Salas’s investigatory stop was valid on the basis that defendant acted “suspiciously” when he saw Salas and he was a known burglar, and a burglary had just occurred a block away from where he was stopped. Further, the trial court stated that “police work is a common sense business” and it was “obvious from looking at those items that [they] were taken in a burglary.” Although the trial court seemingly reprimanded the police for not having immediately determined that the items were in fact taken from a burglarized residence, the court determined that Salas acted reasonably, based upon the circumstances. Moreover, the trial court stated that defendant was held in custody “for a reasonable period of time” within which the items were identified by the victim as stolen. At trial, the parties stipulated to Salas’s prior testimony. Salas additionally testified that defendant initially refused to make any oral or written statements while at the police station. Approximately two hours later, however, defendant confessed. Defendant testified that, on the day in question, he was released from a methadone clinic, went to his mother’s house and then went to a Dominick’s grocery store. After leaving Dominick’s, defendant was stopped by Salas. Defendant denied carrying a backpack. Defendant additionally denied ever making a statement. The trial court found defendant guilty of residential burglary and theft, specifically stating that Officer Salas was a “very credible witness.” Defendant was sentenced as described above. This timely appeal followed. Review of a trial court’s ruling on a motion to quash arrest presents mixed questions of'fact and law. People v. Sturgess, 364 Ill. App. 3d 107, Ill (2006). The trial court’s factual and credibility determinations are accorded great deference, and we reverse only if the findings are against the manifest weight of the evidence. People v. James, 365 Ill. App. 3d 847, 848 (2006). Legal conclusions, however, are reviewed de novo. James, 365 Ill. App. 3d at 848. Therefore, we review the ultimate determination of whether the evidence should have been suppressed de novo. People v. Hopkins, 363 Ill. App. 3d 971, 981 (2005). Defendant contends that the trial court erred in denying his motion to quash arrest on the basis that he was detained absent any reasonable, articulable suspicion of criminal activity. The fourth amendment provides protection for individuals from unreasonable searches and seizures. U.S. Const., amends, IV XIV; Ill. Const. 1970, art. I, §6; James, 365 Ill. App. 3d at 850. Generally, a warrant supported by probable cause is required for a search or seizure to be considered reasonable. Hopkins, 363 Ill. App. 3d at 982. However, pursuant to Terry v. Ohio, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), a police officer may briefly detain an individual, absent probable cause to arrest, if there is a reasonable, articulable suspicion of criminal activity. Hopkins, 363 Ill. App. 3d at 981; see 725 ILCS 5/107—14 (West 2004). The reasonableness of a Terry stop depends on “whether the officer’s action was justified at its inception” and “whether it was reasonably related in scope to the circumstances that justified the stop in the first place.” James, 365 Ill. App. 3d at 852, citing People v. Gonzalez, 204 Ill. 2d 220, 228-29 (2003). Reasonableness . is objectively determined based on the facts and resulting inferences available to the officer at the time. Hopkins, 363 Ill. App. 3d at 981. The defendant bears the burden of proving that a search and seizure were unlawful. People v. Rogers, 71 Ill. App. 3d 1046, 1049 (1979). In the instant case, shortly after investigating a residential burglary a block away, Officer Salas witnessed defendant drop his backpack and walk toward Salas’s marked squad car. As he approached, Salas recognized defendant to be a suspect in other residential burglaries. Accordingly, we find that it was objectively reasonable for Salas to initiate a stop for investigative purposes. Moreover, Salas’s questioning was reasonably related to the initial purpose of the stop. Although nothing was reported missing from the initial burglary, it was not unreasonable to question defendant about the contents of a backpack that he suspiciously dropped prior to approaching Salas. When defendant failed to respond to the question, Salas articulated his purpose for continuing to question defendant. Defendant, however, was still unable to provide a clear answer regarding his prior whereabouts. Throughout the questioning, defendant was evasive and appeared noticeably nervous. Defendant’s responses aroused further suspicion in Salas’s mind, adding to more than an individual merely being present in an area of expected criminal activity. See People v. Beverly, 364 Ill. App. 3d 361 (2006); see also James, 365 Ill. App. 3d at 853 (“investigatory stops are evolving encounters and *** the court is not limited to considering the situation as it existed at the precise moment the stop occurred”). Consequently, we find that the initial Terry stop was valid. Defendant next contends that his fourth amendment rights were violated when his backpack was searched. The State responds that defendant’s backpack was abandoned and, therefore, there was no “search” for fourth amendment purposes. “Fourth amendment protection against an unreasonable search and seizure does not extend to abandoned property because the possessor’s right of privacy in the property has been terminated.” People v. Ellis, 241 Ill. App. 3d 1034, 1041 (1993), citing People v. Hoskins, 101 Ill. 2d 209, 220 (1984). Property is considered abandoned when an individual drops it to the ground or leaves it behind in a public place. Ellis, 241 Ill. App. 3d at 1041, citing Hoskins, 101 Ill. 2d at 219-20. Consequently, abandoned property may be searched and seized absent probable cause. Ellis, 241 Ill. App. 3d at 1041. Abandonment will not be found simply where a defendant relinquishes possession or control of an object; rather, the circumstances must demonstrate that the defendant retained no expectation of privacy therein. People v. McBee, 228 Ill. App. 3d 769, 779 (1992); see also 1W. LaFave, Search & Seizure §2.6(b) (4th ed. 2004). In the instant case, upon noticing the presence of Officer Salas, defendant voluntarily dropped his backpack next to a tree, crossed the street and walked approximately 60 feet away. Any passerby could have easily taken or accessed the backpack, because it remained openly visible in a public place. Hoskins, 101 Ill. 2d at 219-20; see McBee, 228 Ill. App. 3d at 779-80; see also 1 W LaFave, Search & Seizure §2.6(b) (4th ed. 2004). Moreover, defendant was completely evasive when questioned about the backpack and never demonstrated any concern or intention to protect it as his own. See People v. Clodfelder, 176 Ill. App. 3d 339, 344 (1988). The only testimony that defendant provided regarding the backpack occurred at trial, where he denied ever carrying or having any knowledge of it. See Clodfelder, 176 Ill. App. 3d at 344. Nevertheless, abandonment is objectively determined; therefore, the result would not differ had defendant testified that he intended to later reclaim the backpack. People v. Pitman, 211 Ill. 2d 502, 519-20 (2004), citing United States v. Basinski, 226 F.3d 829 (7th Cir. 2000). Accordingly, we find that defendant’s actions demonstrated a voluntary relinquishment of the backpack and any expectation of privacy therein. See Ellis, 241 Ill. App. 3d at 1041; see also McBee, 228 Ill. App. 3d at 779-80. Therefore, Salas’s “search” of the backpack was proper. Defendant further contends that the trial court erred in denying his motion to quash arrest on the basis that he was arrested absent probable cause. “ ‘Probable cause exists where, at the time of the arrest, the facts and circumstances known to the police officer would lead a reasonable person to believe that the defendant had committed a crime.’ ” Hopkins, 363 Ill. App. 3d at 982, quoting People v. Ollie, 333 Ill. App. 3d 971, 980 (2002). Reasonable suspicion may be raised to the level of probable cause for arrest as a result of an investigation or police questioning of the suspect. Hopkins, 363 Ill. App. 3d at 982. In the instant case, upon discovering the contents of the backpack, Salas arrested defendant. We find that Salas’s articulable suspicion had sufficiently been raised to the level of probable cause based on the circumstances. Combining all of the circumstances throughout the Terry stop with the contents of the backpack (i.e., video camera, money, collectible coins and jewelry), we conclude that a reasonable person would have believed that defendant had committed a crime. Defendant argues that there was no probable cause to arrest because the burglary during which the items were stolen had yet to be reported at the time of his arrest. We determine, however, that probable cause existed here, as previously described, because Officer Salas was not required to relate defendant or the backpack and its contents to a particular crime. See Clodfelder, 176 Ill. App. 3d at 345; see also 2 W LaFave, Search & Seizure §3.6(a), at 306 (4th ed. 2004) (“it is not essential to a finding of probable cause that the officer be able to relate the person or property to some particular prior crime”). Officer Salas knew that defendant was a suspect in numerous residential burglaries and was in possession of items that appeared to be stolen. See Clodfelder, 176 Ill. App. 3d at 345; cf. People v. Agnew, 152 Ill. App. 3d 1037 (1987) (probable cause not found where the officer had no knowledge of any theft, yet defendant was arrested based solely on possession of property likely stolen). Consequently, we find that the arrest was lawful. Defendant takes issue with the fact that, despite the trial court’s statement that the police should have confirmed the victim’s residential burglary prior to defendant’s arrest, the court denied his motion. Consistent with this order, we are not persuaded that the trial court’s statement resulted in an improper outcome. We must remember that it is the judgment of the trial court which we review, not its reasoning. People v. Mendoza, 364 Ill. App. 3d 564, 573 (2006). Consequently, defendant’s motion to quash his arrest and suppress his statement was properly denied. Accordingly, we affirm the judgment of the circuit court of Cook County. Affirmed. O’BRIEN, EJ., concurs.